## O'Boyle's Appeal

*James F. Brady*, for appellant.

*John P. Mahon*, for county controller.

LEACH, P. J., March 14, 1941.—Hugh J. Brady, tax collector for the Borough of Archbald, appeals from the annual report of the controller because the said report

charges him with $4,182.96, regardless of the fact that the county commissioners had given credit of the said amount on a settlement.

Appellant has been tax collector for a number of years. It is the usual custom when taxes are levied that a certain tax is assessed against every taxpayer in a borough or municipality and a "duplicate" of the names of the taxpayers and the taxes assessed them is given to the tax collector. He is thereupon charged with all the taxes levied as shown by his duplicate.

In settlement of the charge against him, he returns the money collected by him, a list of exonerations where the taxes were levied twice, and certain cases that the taxing body allows abatements. He also makes returns of certain taxes that are unpaid as liens against real estate. When his abatements, exonerations, payments, and tax liens add up to the amount of his duplicate, he is discharged as having settled his duplicate.

For many years it was customary for the collector to pay money to the different municipalities although he had not as yet collected it. The collector would keep out certain items of unpaid taxes from men in whom he had confidence and would collect them later, without ever making a return of taxes.

Under section 1 of the Act of May 29, 1931, P. L. 280, it became the duty of the tax collectors to return taxes as liens against real estate not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied. Thereafter settlements were made for the different years before the new tax duplicates were given to the collectors. By the Act of May 27, 1937, P. L. 914, the collectors were permitted to file additional returns for uncollected taxes for years before 1934. These taxes were those that they had kept out and had not filed liens. The liens for taxes so returned may be collected or may not be collected.

In the case at bar, the collector made returns of liens for taxes on different years from 1929 to 1934. The

county commissioners permitted these returns of tax liens as a credit to the tax collector against the charge made on his duplicates for 1935, 1936, and 1937. The county controller holds that this credit is improper because the liens may not be collected and they are not as good as cash and are not a proper credit against the charge on the collector's duplicate. The controller holds that the money is properly belonging to the tax collector because he has settled his duplicate for that year. Of course, if the county keeps any of the money collected on these liens, the collector is entitled to apply it in payment of any charges against him.

Counsel for appellant contends that, the matter having been settled by the commissioners, such settlement is binding upon the county controller because the commissioners have the discretion in allowing such abatements and exonerations as they please. While not disputing the fact that the commissioners have the right to allow abatements and proper exonerations, it does not follow that they have the right to accept a questionable lien as a payment in cash. This is the decision in Stewart v. Derry Township School District, 35 D. & C. 53.

It has been suggested that certain amounts were paid by the tax collector in cash on the credits claimed in the years on which the appeals have been taken. It further appears that certain of the liens may have been collected and the cash received by the county.

Now, March 14, 1941, in order that the record may be brought up to date, it will be returned to the county controller for such credit of cash received by the county on the tax returns and from appellant as appellant can show is proper. When said amount is agreed upon, an order thereupon will be made dismissing the appeal.

*Order*

Now March 28, 1941, it is agreed that the amount collected by the Delinquent Tax Collector of Lackawanna County, which is the property of Hugh J. Brady, is $1,-743.50.

It is ordered that the delinquent tax office draw a refund check, accompanied by the name, address, lot, block, and ward, and the amount of cash received by the county treasurer on each lot against which a tax lien has been recorded in the Lackawanna County supplementary tax dockets of Archbald Borough for the years 1929, 1930, 1931, 1932, 1933, and 1934.

It is further ordered, when and if additional payments are made to the county treasurer applicable to said supplementary tax returns, said additional payments should be refunded to Hugh J. Brady.

Subject to the above order, the appeal is dismissed.